■ NEW YORK SERVICE PROGRAM FOR OLDER PEOPLE, INC., Respondent, v 117 WEST 72ND STREET LLC, Appellant. [784 NYS2d 59]—

Order and judgment (one paper), Supreme Court, New York County (Rosalyn Richter, J.), entered September 12, 2003, which, inter alia, upon the parties' respective motions for sum-

mary judgment, awarded plaintiff tenant damages on its cause of action for breach of lease seeking recovery of its security deposit and the rent it prepaid upon execution of the lease, and dismissed defendant landlord's counterclaim for anticipatory breach of lease seeking recovery of legal fees, brokerage commissions, alteration expenses and lost rent allegedly incurred in procuring a new tenant, unanimously affirmed, with costs.

Tenant's notice to landlord, after execution of the lease but before tenant was obligated to take possession of the premises, that it would not be able to make the rent payments, was not an anticipatory breach of the lease, where, in addition, the notice clearly indicated that if landlord would not allow tenant to simply surrender the lease, tenant would seek to sublet the space, as it was entitled to do under the lease, and did not otherwise unequivocally communicate an intention to forgo performance (see Rachmani Corp. v 9 E. 96th St. Apt. Corp., 211 AD2d 262, 267 [1995]). Nor does it avail landlord to argue that tenant failed to comply with the lease's procedures for subletting or assigning, where such compliance was prevented by landlord's decision to negotiate directly with the prospective subtenant found by tenant's broker. Those direct negotiations, and the resulting new lease, not any anticipatory breach by tenant, were the cause of landlord's additional costs alleged in its counterclaim. As the motion court stated, upon receipt of tenant's notice, landlord could have triggered commencement of the lease by completing the required renovation work, but instead chose to terminate the lease by entering into a new lease with another tenant. We would also note landlord's deposition testimony admitting that the renovation work was such that it could not have handed the premises over to tenant any sooner than it did to the new tenant. We have considered landlord's other arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Sullivan, Williams and Friedman, JJ.